UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-24438-Civ-COOKE/TORRES

JUAN HERNANDEZ,

    Plaintiff,

v.

BOFFIL SUPERIOR
CONCRETE FINISH, LLC,
a Florida limited liability company,

    Defendant.

_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
MOTION FOR ENTRY OF A DEFAULT FINAL JUDGMENT**

    This is an action to recover unpaid overtime wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq*. Before me now is Plaintiff's Motion for Entry of a Default Final Judgment (the "Motion for Default"). (ECF No. 14). I have considered the Motion for Default and the record and am otherwise fully advised in the premises. For the reasons that follow, Plaintiff's Motion for Default is denied without prejudice.

### I.    BACKGROUND

    On December 18, 2014, Plaintiff served process on Defendant Boffil Superior Concrete Finish, LLC ("Boffil") by leaving the summons and Complaint with Clara Llacer, as "Co-Resident/Mother of Livet Boffil Llacer who is the Registered Agent of [Boffil Superior Concrete Finish, LLC]" at the address, 4274 SW 161 Place, Miami, Florida 33185. (ECF No. 8). Defendant did not appear or timely respond to the Complaint, and has otherwise failed to defend this lawsuit. Plaintiff subsequently moved for Clerk's Entry of Default (ECF No. 12), and a Clerk's Default was entered (ECF No. 13). The Plaintiff's Motion for Default followed. (ECF No. 14).

## II. DISCUSSION

Federal Rule of Civil Procedure 55(a) requires court clerks to enter a default, "[w]hen a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise…." A defendant is under no obligation to plead or otherwise defend, however, until it has been properly served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i).

The Federal Rules of Civil Procedure provide that a limited liability company may be served by any manner accepted in the state or by delivering copies of the summons and complaint to any agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1), (e)(1). Plaintiff has elected to serve Defendant as provided by Florida law.

Section 48.062, Florida Statutes, governs service on a limited liability company ("LLC"). Service on an LLC may be effected under Section 48.062(1) by serving the LLC's registered agent or the registered agent's employee. Fla. Stat. § 48.062(1). If the registered agent cannot be located or is unavailable for service, a member of a member-managed LLC or a manager of a manager-managed LLC may be served. Fla. Stat. § 48.062(2). If a member or manager is not available during regular business hours to accept service on behalf of the limited liability company, the LLC may designate an employee of the LLC to accept such service. Fla. Stat. § 48.062(2)(c). "After one attempt to serve a member, manager, or designated employee has been made, process may be served on the person in charge of the limited liability company during regular business hours." *Id.* If, "after reasonable diligence," service of process cannot be completed on one of the aforementioned individuals, service may then be effected upon Florida's Secretary of State. Fla. Stat. § 48.062(3). If the address provided for the registered agent, member, or manager is a residence or private mailbox, service on the limited liability company, domestic or foreign, may be made by serving the registered agent, member, or manager in accordance with Section 48.031, Florida Statutes. Fla. Stat. § 48.062(4).

A search on the Florida Department of State, Division of Corporation, website (sunbiz.org) indicates that Defendant Boffil's registered agent is Livet Boffil

Llacer, located at 5201 Blue Lagoon Drive, Suite 928, Miami, Florida 33126. Boffil's principal and mailing address are 5201 Blue Lagoon Drive, Suite 928, Miami, Florida 33126. Boffil is shown as having two manager-members: Livet Boffil Llacer and Orestes Boffil, both located at the same address, 5201 Blue Lagoon Drive, Suite 928, Miami, Florida 33126.

The return of service filed in the record states that Boffil was served on December 18, 2014 by leaving the summons and Complaint with Clara Llacer, as "Co-Resident/Mother of Livet Boffil Llacer who is the Registered Agent of [Boffil Superior Concrete Finish, LLC]" at the address, 4274 SW 161 Place, Miami, Florida 33185. (ECF No. 8). I am unable to determine, based solely on this information, that service of process was properly effected on Boffil. There is no provision of Section 48.062, Florida Statutes, which permits service on an LLC by serving the registered agent's mother who resides with him. Moreover, the address provided for the registered agent and managers of Boffil does not appear to be a residence or private mailbox; therefore, Section 48.062(4) is inapplicable.

### III. CONCLUSION

For the foregoing reasons it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Entry of a Default Final Judgment (ECF No. 14) is **DENIED** *without prejudice*. If appropriate, Plaintiff shall re-file an Amended Motion for Entry of a Default Final Judgment with additional support addressing the deficiencies noted herein within fourteen (14) days of the entry of this Order.

**DONE and ORDERED** in chambers, at Miami, Florida, this 27th day of July 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*

3